In the Matter of the Judicial Settlement of the Account of ENOCH G. MEGRUE, as Executor, etc., of JOSEPH RUST MEGRUE, Deceased.

MINNIE MEGRUE, Respondent; ENOCH G. MEGRUE, as Executor of and Trustee under the Last Will and Testament of JOSEPH RUST MEGRUE, Deceased.

First Department, February 1, 1918.

**Will — testamentary trust — when corporate stock constitutes a part of corpus of trust and is not income.**

At the creation of a testamentary trust by which testator directed that certain shares of the stock of an oil company should be held by his son in trust for testator's widow, all of the stock of two subsidiary companies constituted a part of the capital of the oil company and was delivered by it to its stockholders including the testamentary trustee.  Subsequently the pipe line property of the subsidiary companies was sold for the stock of other companies and it was delivered to the stockholders of the subsidiary companies.  *Held*, that such of said stock as was received by the testamentary trustee was principal belonging to the corpus of the trust fund and not payable to testator's widow.

APPEAL by Enoch G. Megrue, as executor and trustee, from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 14th day of September, 1917, confirming the report of a referee.

*Treadwell Cleveland,* for the appellant.

*John M. Gardner,* for the respondent.

SCOTT, J.:

The appellant, trustee under the last will and testament of Joseph Rust Megrue, deceased, appeals from a decree of the Surrogate's Court, by which the said appellant, as trustee of a trust created by the will of said Joseph Rust Megrue, deceased, was ordered to deliver to the petitioner, the beneficiary for her life of said trust, certain stocks of the Ohio Oil Company and of the Prairie Oil and Gas Company, received by said trustee in 1915 from the Standard Oil Company of New Jersey. The controversy between the parties is as to whether such stocks constitute part of the capital of the trust fund, or should be considered and distributed as income. The facts are not in dispute and so far as material are as follows: The testator, Joseph Rust Megrue, died on October 8, 1910, possessed of 300 shares of the stock of the Standard Oil Company of New Jersey, 100 shares of which he directed in his will should be held by his son, Enoch G. Megrue, in trust for his widow, Minnie Megrue, the petitioner herein.

On September 1, 1911, in accordance with the decision of the United States Supreme Court in the Standard Oil case, the Standard Oil Company of New Jersey distributed to its stockholders stock in several different companies spoken of as subsidiaries, among which subsidiary companies were the Prairie Oil and Gas Company and the Ohio Oil Company.

The trustee, who under the said will then held, and still holds, these one hundred shares of stock of the Standard Oil Company of New Jersey, became, on September 1, 1911, a holder as trustee for the petitioner, under this distribution by the Standard Oil Company of New Jersey, of eighteen and a fraction shares of the stock of the said Prairie Oil and Gas Company and of sixty-one and a fraction shares of the said Ohio Oil Company.

The trustee still holds these shares of the Prairie Oil and Gas Company and of the Ohio Oil Company as part of the principal of the said trust.

In June, 1914, the United States Supreme Court handed down its decision in what are called the *Pipe Line Cases* (234 U. S. 559), to which litigation both the Prairie Oil and Gas Company and the Ohio Oil Company were parties.

By reason of this decision neither of these companies could

longer engage in the pipe line business. Each company accordingly resolved that that part of its assets which consisted of pipe line property be disposed of to another company to be organized, and that the stock of such new company be distributed *pro rata* to its own stockholders. This action, so resolved upon by the respective companies, was carried out. The pipe line property of the Prairie Oil and Gas Company was sold to the Prairie Pipe Line Company for the whole of its stock; and the pipe line property of the Ohio Oil Company was sold to the Illinois Pipe Line Company for the whole of its stock; and the stocks so received of such new companies were distributed among the stockholders of the companies which sold such pipe line properties.

The sale by the Prairie Oil and Gas Company of its pipe line property to the Prairie Pipe Line Company, and the distribution by the Prairie Oil and Gas Company of the stock which it received as the consideration for such pipe line property was made under a resolution adopted by the stockholders of the former company on December 8, 1914, the sale being made on February 1, 1915. The sale of the Ohio Oil Company of its pipe line property to the Illinois Pipe Line Company, and the distribution by the Ohio Oil Company of the stock of the Illinois Pipe Line Company which it received for such pipe line property was made under a resolution adopted by the Ohio Oil Company on December 21, 1914, the sale being made on January 1, 1915.

Accordingly, in January and February, 1915, the trustee, Enoch G. Megrue, received under these distributions from the Prairie Oil and Gas Company twenty-seven and a fraction shares of the stock of the Prairie Pipe Line Company, and from the Ohio Oil Company twenty and a fraction shares of stock of the Illinois Pipe Line Company.

The *cestui que trust* now claims these twenty-seven and a fraction of the shares of the Prairie Pipe Line Company stock and twenty and a fraction shares of the Illinois Pipe Line Company stock as stock dividends or income. The trustee claims that all such shares belong to him as such trustee as part of the trust fund, and that they are in no respect income or profits of the trust fund to which the petitioner is entitled.

The question to be determined is whether such shares are

First Department, February, 1918.          [Vol. 181.

income and as such belong to the *cestui que trust*, or principal and as such belong to the corpus of the trust.

Upon these facts the question at issue must be determined in favor of the appellant for the reasons very fully and clearly stated by Mr. Justice SHEARN in his opinion in *United States Trust Co.* v. *Heye* (181 App. Div. 544), decided herewith.

When the trust fund was created the Standard Oil Company of New Jersey owned all the capital stock of the Ohio Oil Company and the Prairie Oil and Gas Company, and these constituted a part of the property or capital of said Standard Oil Company. The 100 shares of the latter company, which constituted the trust fund, represented and stood for a proportionate part of the capital and property of said Standard Oil Company and consequently represented an equal proportionate part of the capital of the trust fund. When the Standard Oil Company found it necessary to divest itself of the ownership of the subsidiary companies, it withdrew from its capital assets the stock of said subsidiary companies, and to this extent depleted its capital. The method it adopted for so divesting itself was to distribute the stock of the subsidiaries among its own stockholders, thus making good to them the depletion of its own capital caused by parting with the subsidiary shares. The corpus of the trust fund was not changed in any way. Before the distribution the shares of the Standard Oil Company stock held by the trustee represented a proportionate part of all the assets of that company, including the stock and assets of the subsidiary companies. After the distribution the trust fund held precisely the same interest, except that, so far as concerned the subsidiary companies, it held their stock directly and not by representation through the stock of the Standard Oil Company. To now turn over to the life beneficiary the stocks which have taken the place of the stocks of the subsidiary companies, as the decree appealed from proposes to do, would amount to handing over to her, as income, that which at the time the trust fund was set up constituted a part of the principal of that fund. As was said in *Matter of Osborne* (209 N. Y. 474): "It is not alone the capital of the corporation that should be preserved, but the capital of the trust fund * * *. The surplus of the corporation existing

at the formation of the trust or when the stock is purchased represents a part of the capital of the estate as fully as does the capital of the corporation."

It is, therefore, quite immaterial that the stock of the subsidiary companies may have been acquired by the Standard Oil Company out of surplus earnings which accrued prior to the creation of the trust fund. The controlling fact is that it had been acquired before the trust fund was set up, and so constituted a part of the capital of the trust fund, as represented by the stock of the Standard Oil Company when the trust fund was actually set up.

*Hazzard* v. *Philips* (173 App. Div. 425), upon which respondent places her chief reliance, even if we were prepared to adopt its reasoning, is easily distinguishable from the case at bar. It follows that the decree appealed from should be reversed, with costs to the trustee payable out of the estate. Inasmuch as the question involved is one which called for judicial determination, and was sufficiently doubtful to acquit the petitioner of any charge of having acted unreasonably, we consider that the expense of the reference ordered by the surrogate should be borne by the trust estate. The award of costs and allowance to the petitioner must, however, be reversed.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Decree reversed, with costs to trustee payable out of the estate. Expense of reference to be borne by the trust estate. Award of costs and allowance to petitioner reversed. Order to be settled on notice.